In the Matter of 223 WEST 21ST STREET CORP., Appellant, v. FREDERIC S. BERMAN, as Department of Rent and Housing Maintenance Commissioner, Respondent.—

Concur — Eager, J. P., Capozzoli and McNally, JJ.; McGivern, J., dissents in the following memorandum: The hearing before the Commissioner on January 25, 1968, was properly referable to and circumscribed by the order of Special Term dated November 6, 1967. This latter order remanded the matter solely to determine if "any apartment became vacant after the architect advised that it was impossible to legalize the occupancy of the basement apartment". It is now clear that no other vacancies were available to the landlord subsequent to the architect's advice. Even the respondent does not contend otherwise. It therefore follows, by ineluctable rational process, the petition and a certificate of eviction should both have been granted. And I am not unmindful of the concern of society for the proper housing of a family consisting of seven persons, in a crowded tenement house area of Manhattan, particularly when the job of the breadwinner may be at stake. Nor do I regard the landlord as a villain; not when he is complying with section 83 of the Multiple Dwelling Law. It may be well to note that the landlord's failure to earlier comply with the city's changing view of the utility of the basement apartment (theretofore and until 1955 legal — and made illegal upon the occurrence of a vacancy by the enactment of section 216 [subd. 5, par. g] of the Multiple Dwelling Law) appears to have conferred a housing benefit to the tenant here involved. Thereby, he had use of the apartment now sought between 1962 and the date when the landlord actually obtains possession of the apartment for the use of its resident superintendent. I fail to discern a reasonable basis for the dismissal of the petition.